**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK PADRO,

    Plaintiff,

v.

DR. AHMAR SHAKIR, et al.,

    Defendants.

Civil Action No. 15-7096 (MAS)

**MEMORANDUM AND ORDER**

Plaintiff is proceeding, in forma pauperis ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Complaint primarily asserts claims arising out of alleged denials of proper medical services in violation of the Eighth Amendment, and other related state law claims. Presently before the Court is Defendant Dr. Ahmar Shakir's Motion for Summary Judgment ("Motion"). (ECF No. 54.)

The Motion raises exactly one argument, namely that Plaintiff's "claim" against Dr. Shakir should be dismissed because Plaintiff failed to serve an Affidavit of Merit ("AOM") upon him as required by state law. The Motion seems to imply there is only one claim raised against Dr. Shakir, although this was not made clear in the Motion. Plaintiff opposes the Motion, arguing that the state-law AOM requirement only applies to medical malpractice claims, and he asserts no medical malpractice claims in the Complaint. The Court has reviewed the Complaint, and Ground Two arguably does raise a medical malpractice claim. (*See* Compl. ¶ 43.) Given Plaintiff's assertion in his opposition, however, and the lack of denial that an AOM was not served, the Court grants

the Motion in that respect, and dismisses the medical malpractice claim against Dr. Shakir.¹ *See Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012) (Failure to file a timely AOM generally "requires dismissal of the action with prejudice").

Nevertheless, as the Court noted above, in the Motion, Dr. Shakir makes no attempt to address the other claims in the Complaint. He does not even make any arguments that the other claims do not apply to him, and instead makes those arguments only in his reply brief, after Plaintiff noted that the Complaint asserts constitutional claims. This Court does not address new arguments made in reply briefs, as it unfairly deprives the non-moving party of the opportunity to oppose those arguments. *See McWreath v. Range Resources-Appalachia, LLC*, 645 F. App'x 190, 197 (3d Cir. 2016) ("We do not consider arguments made for the first time in a reply brief[.]" (citing *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003)). The Court, accordingly, construes the Motion as moving to dismiss the medical malpractice claim *only*; all other claims remain applicable to Dr. Shakir.

**IT IS** therefore on this 9th day of May, 2018,

**ORDERED** that Defendant Dr. Ahmar Shakir's Motion for Summary Judgment (ECF No. 54) is hereby **GRANTED**; and it is further

**ORDERED** that the medical malpractice claim against Dr. Shakir is hereby **DISMISSED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

¹ Plaintiff alludes to the possibility of amending the Complaint and seeking an extension to file an AOM. As Plaintiff has yet to move for either, however, those issues are not presently before the Court.

2