UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK PADRO,

          Plaintiff,

    v.

DR. AHMAR SHAKIR, et al.,

          Defendants.

Civil Action No. 15-7096 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on the second motions for summary judgment of Defendants Dr. Miller and Dr. Shakir which seek an entry of judgment on their behalf as to Plaintiff's sole remaining claim against them – a New Jersey state law claim for intentional infliction of emotional distress. (ECF Nos. 140, 142-43.) Plaintiff filed a letter response, stating that he "does not oppose the summary judgment motions." (ECF No. 149.)

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "'[A] factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the non-moving party.'" *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Id.*, but must not make credibility determinations or engage in any weighing

of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no 'genuine issue for trial.'" *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial."

*Serodio*, 27 F. Supp. 3d at 550.

In their unopposed motions Defendants Shakir and Miller seek an entry of judgment in their favor on Plaintiff's sole remaining claim against them – a state law claim for intentional infliction of emotional distress. In order to make out such a claim under New Jersey law, a plaintiff must show that the defendant acted intentionally; the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; the defendant's actions proximately caused the plaintiff emotional distress; and that distress was "so severe that no reasonable [person] could be expected to endure it." *Soliman v. Kushner Co.*, 433 N.J. Super. 153, 177 (App. Div. 2013) (quoting *Segal v. Lynch*, 413 N.J. Super. 171, 191 (App. Div. 2010)).

Plaintiff's claims in this matter arise out of the treatment he received from the two doctors in relation to knee pain and infections which occurred following a knee surgery in late 2014. As

2

this Court explained at length in its opinion granting Defendants' previous summary judgment motions (*see* ECF No. 138), the evidence presented in this matter, including Plaintiff's own testimony and that of his expert witnesses, indicates that both doctors provided treatment for the issues that rose to their attention at Plaintiff's various visits, that it did not appear that the actions of either doctor could be said to have deviated from a proper standard of care based on the expert reports submitted by the parties, and that Plaintiff had therefore failed to provide genuine issues of material fact which could suggest that the two doctors had been so much as negligent, let alone deliberately indifferent to Plaintiff's conditions. There is nothing in the record to suggest that either intentionally acted to cause Petitioner any form of emotional distress, let alone the type of severe distress necessary to support Plaintiff's intentional infliction of emotional distress claim. Likewise, none of the actions about which Plaintiff complains could be properly said to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Soliman*, 433 N.J. Super. at 177. It is therefore clear that Plaintiff has failed to show that there is a genuine issue of material fact, and that Defendants Shakir and Miller are clearly entitled to judgment as to Plaintiff's remaining intentional infliction claims. Defendants' motions are therefore granted, and judgment shall be entered in favor of Defendants Drs. Miller and Shakir as to Plaintiff's remaining claims.

  **IT IS THEREFORE** on this 24th day of January, 2022, **ORDERED** that:

1. Defendants' motions for summary judgment (ECF Nos. 140, 142-43) are **GRANTED**,
2. Judgment shall be entered in favor of Defendants Miller and Shakir as to Plaintiff's remaining intentional infliction of emotional distress claims, and

3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**